IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| KELLY SLOBODIAN, *et al.*, | Case No. 1:24-cv-01792 |
| Plaintiffs, | JUDGE DAN AARON POLSTER |
| v. | |
| CITY OF CLEVELAND, *et al.*, | **DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION AND FAILURE TO STATE A CLAIM** |
| Defendants. | |

Now comes Defendants City of Cleveland ("City"), City of Cleveland Police Department ("CPD") and City of Cleveland Prosecutor's Office ("CPO") (jointly "City Defendants"), by and through undersigned counsel, under Fed.R.Civ.P. 12(b)(1) and 12(b)(6), and respectfully move the Honorable Court to dismiss Plaintiffs' Complaint with prejudice for a multitude of reasons.

First, the Complaint fails to allege any federal claims, and, therefore, this Court lacks subject matter jurisdiction over the matter. Second, CPD and CPO are *non sui juris*, and, thus, incapable of being sued and not proper party defendants.[1] Third, the applicable statutes of limitations expired prior to the filing of the Complaint. Finally, Plaintiffs fail to state any state law claim upon which relief can be granted—particularly, but not exclusively, because the allegations fail to overcome the City Defendants' entitlement to political subdivision immunity under R.C. Chapter 2744.

---

[1] Although CPD has not been properly served, and Defendants still preserve any objections to service and process, the arguments in the Memorandum stand even if CPD was properly served, and are being included in the interest of efficiency.

i

The reasons for the Motion as more fully stated in the attached and incorporated Memorandum in Support.

                                              Respectfully submitted,

                                              MARK D. GRIFFIN (0064141)
                                              Director of Law

By:   *s/Affan Ali*
        WILLIAM M. MENZALORA (0061136
        Chief Assistant Director of Law
        BRIAN KELLY (0088365)
        AFFAN ALI (0085698)
        Assistant Directors of Law
        City of Cleveland, Department of Law
        601 Lakeside Avenue, Room 106
        Cleveland, Ohio 44114-1077
        Tel: (216) 664-2800
        Email: WMenzalora@clevelandohio.gov
                    BKelly@clevelandohio.gov
                    AAli2@clevelandohio.gov
        *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

The undersigned certifies the above document was filed electronically this 20th day of December, 2024. Notice of this filing will be sent to registered parties by operation of the Court's electronic filing system, who may access the filing through the Court's filing system. Further, this document was sent by U.S. Mail to the following:

| | |
|---|---|
| Kelly Slobodian | Mark Thomas |
| 4704 West 156 Street | 4704 West 156 Street |
| Cleveland, OH 44135 | Cleveland, OH 44135 |

                                              *s/Affan Ali*
                                              AFFAN ALI

                                              *One of the attorneys for Defendants*

## MEMORANDUM AND POINTS OF AUTHORITY IN SUPPORT

### I. SUMMARY OF ARGUMENT

The Complaint does not raise any issues involving federal law. As there are no federal claims involved, there is no subject matter jurisdiction in this Court.

Cleveland Police Department ("CPD") and Cleveland Prosecutor's Office ("CPO") are *non sui juris* entities, and as such cannot be sued by Plaintiff. Even if Plaintiffs actually named an individual prosecutor as a defendant, prosecutors are absolutely immune from suit.

The matter must be dismissed as the statute of limitations expired on October 2, 2024, but this case was filed on October 15, 2024.

The Complaint borders on unintelligible, and, consequently fails to state a claim, and even if a proper state law claim was pled from the patchwork of facts, the City Defendants are immune under R.C. Chapter 2744.

### II. STATEMENT OF FACTS

The facts alleged in the Complaint are unclear at best and unintelligible at worst. But nowhere in the Complaint is there an adequate basis for federal issues. Plaintiffs state their cause of actions stems from "premises liability, negligence, intentional wrongdoing, failure to fulfill duties, false prosecution, racism, sexism, corruption, and personal injuries." (*Doc. 1, p. 1*).

### III. LAW AND ARGUMENT

#### A. Standard of Review.

Fed. R. Civ. P. 12(b)(1) governs dismissal of actions for lack of subject matter jurisdiction. Moreover, Fed. R. Civ. P. 12(h)(3) provides that "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action. *Fed. R. Civ. P. 12(h)(3)*. Generally, federal courts have subject matter jurisdiction over cases arising under the U.S. Constitution,

federal laws, or international treaties to which the US is a contracting state. (*28 U.S.C. § 1331*); and over cases between citizens of different states or citizens of a US state and a foreign state, where the amount in controversy exceeds $75,000, exclusive of interest and costs (*28 U.S.C. § 1332*). Any challenge to subject-matter jurisdiction must be resolved before moving to the 12(b)(6) motion. *Ohio Coal Ass'n v. Perez*, 192 F. Supp. 3d 882, 893 (S.D. Ohio 2016). The plaintiff has the burden of establishing jurisdiction in order to survive a motion to dismiss. *Jones v. Glad Music Publ'g & Recording LP*, 535 F. Supp. 3d 723, 730 (M.D. Tenn. 2021).

Fed. R.Civ. P. 12(b)(6) governs dismissal of actions for failure to state a claim. A Court may dismiss a complaint for "failure to state a claim upon which relief can be granted." *Fed.R.Civ.P.12(b)(6)*. The "complaint must contain direct or inferential allegations respecting all the material elements under some viable legal theory." *Commercial Money Ctr., Inc. v. Ill Union Ins. Co.*, 508 F.3d 327, 336 (6th Cir. 2007), *quoted by Red Zone 12, LLC v. City of Columbus*, 758 Fed. Appx. 508, 512 (6th Cir. 2019). To be sure, a trial court construes the complaint in the light most favorable to the nonmoving party, accepts the well-pled factual allegations as true, and determines whether the complaint contains enough facts to make the legal claims facially plausible. *Id., citing United States v. Moriarty*, 8 F.3d 329, 332 (6th Cir. 1993). However, conclusory allegations or legal conclusions masquerading as factual allegations will not suffice. *Eidson v. Tenn. Dept. of Children's Servs.*, 510 F.3d 631, 635 (6th Cir. 2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009), *citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 127 S.Ct. 1955 (2007). This standard "asks for more than a sheer possibility that a defendant has acted unlawfully" but is "not akin to a probability requirement." *Id.*

### B. Lack of subject matter jurisdiction

As per the United States Supreme Court, "it is long settled law that a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63, 107 S. Ct. 1542, 1546, 95 L. Ed. 2d 55 (1987); See also *Gully v. First National Bank*, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936). As explained by the Sixth Circuit, "a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues that involve federal law." Wright v. Gen. Motors Corp., 262 F.3d 610, 613 (6th Cir. 2001).

Here, the Plaintiffs do not plead any federal law claims (i.e., there are no federal statutes cited, no federal common-law cited, and no facts indicate a violation of federal law).

A plaintiff must plead facts that allows the court to draw the reasonable inference that a defendant is liable for the misconduct alleged. *Ashcroft,* supra. But the stream-of-consciousness allegations in Plaintiff's complaint utterly fail in that respect. Aside from inadequate conclusory statements and pure conjecture, there are absolutely no facts regarding training procedures or describing specific supervision issues—certainly none that contemplate a federal violation of law.

As the Complaint does not sufficiently plead issues involving federal law, there is no federal cause of action and, consequently, no subject matter jurisdiction.

### B. Two *non sui juris* defendants

Under both federal and state law, CPD and CPO are considered *non sui juris* entities. Therefore, they cannot be sued.[2] The case law is "overwhelming and clear" that "police departments are not legal entities which can sue or be sued." *Fuller v. Cuyahoga Metro. Hous.*

---

[2] Although not named Defendants, a number of partially identified people are mentioned, seemingly as "judges." (Doc. 1, pg. 8). But it is important to note that, judges (like prosecutors) are generally absolutely immune from civil suit for money damages. *Ireland v. Tunis*, 113 F.3d 1435 (6th Cir. 1997).

3

*Auth.*, No. 1:05 CV 9, 2005 WL 8172101 (N.D. Ohio Feb. 25, 2005). See also *Richardson v. Grady*, Nos. 77381, 77403, 2000 WL 1847588 at *2 (Ohio App. 8 Dist. Dec 18, 2000) (City of Cleveland Police Department is not *sui juris*; the real party in interest is the City of Cleveland). Similarly, prosecutor offices are not independent legal entities capable of suing or being sued. *Lenard v. City of Cleveland*, No. 1:17 CV 440, 2017 WL 2832903 (N.D. Ohio June 30, 2017). See also *Layne v. Thouroughman*, No. 1:23-CV-702, 2024 WL 3068872 (S.D. Ohio June 20, 2024).

Accordingly, both defendants CPD and CPO must be dismissed.

### C. Expiration of statute of limitations

As the Complaint does not contain federal claims, the statute of limitations is governed by R.C. § 2744.04(A).[3] This section limits actions against a political subdivision, such as this case, to two years:

> (A) An action against a political subdivision to recover damages for injury, death, or loss to person or property allegedly caused by any act or omission in connection with a governmental or proprietary function, whether brought as an original action, cross-claim, counterclaim, third-party claim, or claim for subrogation, shall be brought within two years after the cause of action accrues…
> *R.C. § 2744.04(A).*

The limitations period starts to run in civil rights action when plaintiff knows or has reason to know of injury which is basis of his or her action. *Kuhnle Bros., Inc. v. Cnty. of Geauga*, 103 F.3d 516 (6th Cir. 1997). Plaintiffs repeatedly state October 2, 2022 as the date of the alleged assault underlying this claim. (*Doc. 1, pgs. 2, 6, 8*). They appear to cite to numerous incidents occurring prior to October 2, 2022. (*Doc. 1, pgs. 2-6*). Thus, the latest date the claim would accrue

---

[3] Even if Plaintiff had appropriately included federal claims, the statute of limitations would still be two years, as the statute of limitations for federal civil rights claims is the relevant state's statute of limitations for personal injury torts *Beaver St. Invs., LLC v. Summit Cnty., Ohio*, 65 F.4th 822 (6th Cir. 2023).

4

would be October 2, 2022. The statute of limitations ran October 2, 2024. Plaintiffs did not file their Complaint until October 15, 2024. (*Docket; Doc. 1*).

As the statute of limitations expired prior to the filing of the Complaint, the claims must be dismissed.

### D. No discernable facts supporting any state law claim for relief

To survive a motion to dismiss, a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face. *In re McKenzie*, 716 F.3d 404 (6th Cir. 2013). The "sheer possibility" that a defendant acted unlawfully is not enough. *Aero Fulfillment Servs. Corp. v. Oracle Corp.*, 186 F. Supp. 3d 764 (S.D. Ohio 2016). Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but has not shown—that the pleader is entitled to relief, and the claims shall be dismissed." (*Id. citing Fed. Rule Civ. P. 8(a)(2)*).

Plaintiffs' jumbled patchwork of statements and occurrences do not even allow an inference of the possibility of misconduct by Defendants, let alone the requisite showing that they are entitled to relief. Threadbare recitals of the elements of a cause of action supported by mere conclusory statements do not suffice. *Ullmo v. Ohio Tpk. & Infrastructure Comm'n*, 126 F. Supp. 3d 910 (N.D. Ohio 2015). Plaintiffs have not even adequately recited elements of causes of action; they certainly have not plead specific facts that adequately lead to any causes of action. Their statements are an assortment of instances with no direction as to how Defendants are liable, under what specific legal basis, how the elements or duties were actually violated, nor anything else that would show the court how they are entitled to relief and under which actual basis.

Accordingly, the Complaint fails to state a claim, and must be dismissed as such.

### E. Statutory immunity applies

Assuming arguendo that the Complaint was appropriately plead so as to show how the City was liable for misconduct, the City would nonetheless be immune from prosecution.

The City, like all Ohio political subdivisions, is generally immune from tort liability under the Political Subdivision Tort Liability Act, codified in R.C. Chapter 2744. None of the five enumerated exceptions to political subdivision immunity are even alleged in the Complaint.

The analysis for applying the Political Subdivision Tort Liability Act is provided by *Cater v. City of Cleveland,* 83 Ohio St.3d 24 (1998). In *Cater,* the Ohio Supreme Court indicated that a three-tier analysis should be used to evaluate the immunity given to a political subdivision. In the first tier, R.C. §2744.02(A)(1) grants general immunity to political subdivisions for damages for personal injury or death of a person, stating as follows:

> For the purposes of this chapter, the functions of political subdivisions are hereby classified as governmental functions and proprietary functions. Except as provided in division (B) of this section, a political subdivision is not liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function.

*R.C. §2744.02(A)(1).*

A "governmental function" as defined by R.C. §2744.01 includes "[t]he provision or nonprovision of police … services or protection." *R.C. §2744.01(C)(2)(a).* Under the first tier of the analysis, the City is afforded the blanket immunity provided by R.C. §2744.02 because there is no question that any negligence or other tort claim related to the incident referenced in Plaintiff's complaint would be encompassed within this definition of a governmental function.

The second tier of analysis is whether any of the five enumerated exceptions to this blanket immunity in R.C. §2744.02(B) apply to the facts of this case. *Cater*, 83 Ohio St.3d at 615. These exceptions are summarized as: (1) the negligent operation of any motor vehicle by an employee;

6

(2) the negligent performance of acts by an employee with respect to proprietary functions of the political subdivision; (3) the negligent failure to maintain public roads or remove obstructions; (4) the negligence of an employee occurring within the grounds of, and is due to physical defects within the grounds of, buildings used in connection with a governmental function; and (5) when civil liability is expressly imposed upon the political subdivision by a section of the Revised Code. *R.C. §2744.02(B)(1)-(5).*

Based on the Complaint itself, none of the five enumerated exceptions to immunity apply in this matter, and Plaintiffs do not allege facts supporting any of the exceptions.

Under the third tier of analysis, immunity that is lost because of an exception in R.C. §2744.02 may be reinstated if the political subdivision demonstrates one of the five defenses contained in R.C. §2744.03 apply, *Cater*, 83 Ohio St.3d at 615, but there is no need to address this tier of the analysis any further because none of the exceptions to immunity apply in this case.

As Plaintiff's complaint fails to plead an exception to the City's general immunity, the City remains immune under the first tier of the analysis.

## IV. CONCLUSION

For all of the above reasons, Defendants respectfully move this Court for an Order dismissing Plaintiffs' Complaint with prejudice and costs taxed to Plaintiffs.

                Respectfully submitted,

                MARK D. GRIFFIN (0064141)
                Director of Law

                */S/ Affan Ali*
                WILLIAM M. MENZALORA (0061136
                Chief Assistant Director of Law
                BRIAN KELLY (0088365)
                AFFAN ALI (0085698)
                City of Cleveland, Department of Law
                601 Lakeside Avenue, Room 106
                Cleveland, Ohio 44114-1077
                Tel: (216) 664-2800
                Email: WMenzalora@clevelandohio.gov
                          BKelly@clevelandohio.gov
                          AAli2@clevelandohio.gov

*Attorneys for Defendants*

## LOCAL RULE CERTIFICATION

This case is currently not assigned to any standard track, and the Memorandum in Support motion conforms to the page limitations set forth in Local Rule 7.1.

                s/*Affan Ali*
                AFFAN ALI

                *One of the Attorneys for Defendants*