

1  pro se
2  4704 w 156 st
   Cleveland,Ohio 44135

FILED

MAR 5 2025

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

IN THE UNITED STATES DISTRICT

COURT FOR THE NORTHERN DISTRICT

OF OHIO EASTERN DIVISION

| | |
|---|---|
| Kelly Slobodian, *et al.,* | Case No.: 1:24-CV-01792 jury trial demanded |
| Plaintiff | |
| | Judge Dan Aaron Polster |
| v. | |
| CITY OF CLEVELAND, *et al.,* | CAUSE OF ACTION |
| Defendants | Amended Complaint |

Plaintiffs Kelly Slobodian et al. hereby submit a cause of action to the court

against defendants, the City of Cleveland et al. The matter of deliberate

indifference is especially relevant, as the allegations presented in the plaintiffs'

1:24-CV-01792

complaint offer enough specific factual information, accepted as truthful, to

substantiate a reasonable claim for legal remedy. Ohio Federal Rule 56,

concerning motions for summary judgment, enables the court to evaluate the

facts. Critical issues of corruption, neglect, racism, and sexism necessitate

careful consideration by the court. First, Plaintiffs have both suffered significant,

life-threatening harm with substantial injuries, have been subjected to

discriminatory actions resulting in the sale of residence and property while being

forced to stay at hotels and eventually a rental for safety concerns, as well as

both having surgery. Kelly Slobodian had left achilles repair on 10/31/23 related

to assault on 10/2/22 after having physical therapy and shock wave therapy.

Mark Thomas had emergency surgery on 10/11/24 after being shot in the back

with a 9 mm gun by Steven M Rogers.  The same gun that the Plaintiffs pleaded

the courts not give back to Steven M Rogers.  These traumatic experiences are

related to attempted murder on 10/2/22 and 10/11/24, racism, sexism, and lack of

service, which is particularly attributable to the City of Cleveland and the

Cleveland Police Department. This situation has caused substantial concern both

locally and nationally. Second, the defendant has not provided a rational

explanation as to why this complaint should not proceed. Prior awareness by the

defendants' counsel of the plaintiffs' grievances could suggest that the counsel's

conduct may be considered malicious and lacking in good faith. Third, the

defendants have filed a motion that appears frivolous, potentially intended to

avoid accountability for the City of Cleveland Mayor Justin M Bibb, the City of

Cleveland Police Department, the City of Cleveland Prosecutor's Office,

Councilman Brian Kazy, and the City of Cleveland Mayor's Office. The filing of

this motion underscores ongoing issues of corruption within Cleveland and

Cuyahoga County, warranting the court's attention due to multiple infractions,

incidents of gun violence, police neglect, and current instances of sexism and

racism arising from the defendants' demonstrated lack of professionalism and

awareness, and malicious prosecution 2022-CRB-010528.

**Cause of Action:**

**Constitutional Violation:**

The City of Cleveland violated rights under the First Amendment and Equal

Protection Clauses. Once the defendant has made out a prima facie equal protection

claim, the burden of proof shifts to the State to "dispel the inference of intentional

discrimination." Castaneda v. Partida, 430 U.S. 482, 497–98 (1977)

**Claim 1: This is a First Amendment Violation Under Section 1983**

On 1/2/25 the Plaintiffs attended The Cleveland Division of Police First District

Community Meeting at St Ignatious of Antioch Elementary School 10205 Lorain

Ave, a respectful and calm attempt was made by Plaintiffs to voice concerns/fear

1
2
3    after there was no prosecution of Steven M Rogers for attempted murder from
4    incident on 10/11/24 2024-CRA-009124 when he shot Mark Thomas after
5    surveilling him, stalking, menacing, and following him.  There is video evidence
6    and witnesses to the shooting and proves Steven M Rogers following him in his
7    vehicle from his residence.  There is also a clear foundation of continued
8
9    menacing, stalking, harassment, with a multitude of violations of TPO by Steven
10
11   M Rogers, he was found in contempt of civil court, and multiple police reports
12
13   filed without arrests or criminal charges.  Also, plaintiffs' have concerns Steven M
14
15   Rogers, Judith Rogers, Estee Rogers, Candice Rogers, Nintendou Arcade, and
16   Wayne Langsdale were never prosecuted for the brutal felonious assault,
17
18   aggravated burglary, trespassing, abduction, attempted murder, and criminal
19
20   damaging that took place on 10/2/22 while having an active protection order and
21   video evidence of the encounter.  With the continued escalation of violence from
22
23   Steven M Rogers, the Plaintiff's fear for their lives.  The Assistant County
24
25   Prosecutor Gregory Paul, Councilman Brian Kazy, Tammy Hanna/Community
26   Relations at City of Cleveland-City Hall, and First District Police and Commander
27
28   were in attendance.  The Plaintiffs, peacefully and respectfully attempted to voice

concerns related to the lack of prosecution of Steven M Rogers for attempted

murder on 10/11/24, and the lack of prosecution of Steven M Rogers, Judith

Rogers, Estee Rogers, Candice Rogers, Nintendou Arcade, and Wayne

Langsdale for the assault that occurred on the Plaintiff's property while having an

1  active Stalking Protection Order.  We were abruptly stopped from voicing our
2
3  concerns .  We feared arrest as we were surrounded by police and told we were
4
5  "interrupting a community meeting". A meeting which was scheduled and posted
6  on Social Media as a platform to voice community concerns.  Once again the City
7
8  of Cleveland dismissed our concerns. This was not our first community meeting
9  of attendance as we have continually requested help from the City of Cleveland
10
11  as the plaintiffs kept an open presence in the community all while being
12
13  terrorized, enduring continued harassment and hate crimes that are occurring at
14
15  their home at 4704 West 156 Street Cleveland, Ohio 44135.  Kelly Slobodian
16  grew up in Cleveland Ohio, went to Our Lady of Angels, St Joseph Academy, and
17
18  after Nursing School, worked as a Registered Nurse at hospitals in Cleveland,
19
20  OH, and then purchased her first home by herself in the West Park
21  Neighborhood of Cleveland where she grew up and loved. Mark Thomas moved
22
23  to Cleveland, OH after meeting Kelly Slobodian in Illinois, 2019,  with the hopes
24
25  of building a healthy/happy relationship. He never imagined we would be
26  involved with such hate and disregard from the City of Cleveland, the city that
27
28  Kelly Slobodian loved.  He noticed almost immediately, the stalking and

dangerous behaviour of Steven M Rogers as there were greater than 6 cameras

facing Kelly Slobodian's property including cameras in trees, in a vehicle and on

Steven Roger's body.

1:24-CV-01792

Even with a stalking protection order in place, we could not get Cleveland Police/City of Cleveland to enforce the protection order and have all surveillance cameras removed.  To this day, they are still up.  Throughout the years we have attended several meetings including Mayor Justin M Bibb's Town Hall on 7/17/24 at Gunning Recreation Center.  On 1/14/22 Mark Thomas was present at Coffee with the Commander, was introduced to Tammy L Hanna MSW and provided her a complete folder of evidence of the daily fear we endured by our neighbor Steven M Rogers and his family with no assistance by First District.  Kelly Slobodian also emailed Tammy L Hanna on 1/21/22 with no response. The plaintiffs requested mediation with Bellaire-Puritas with no change in Steven M Roger's behavior. We have voiced our fear to the Chief of Police Annie Todd, Cleveland City Councilman Ward 16 Councilman Brian Kazy. We have also had a protection order in place CV-21-948817 against Steven M Rogers that has not been enforced.  Kelly Slobodian as a protected party has had endure Cleveland Police rolling their eyes at her, dismiss her accounts, laugh at her, and ignore her, including Officer Bowser #262.  A complaint was made to Sgt Keane on that evening10/19/21 Report #2021-00323879.

On 6/12/21 Report #2021-00176975 Officer Anthony Irby #2545, a black male, maliciously, with racism and sexism, ticketed Kelly Slobodian for Disorderly Conduct which was later found NOT GUILTY.  A complaint was formally filed against Officer Irby with the Office of Professional Standards.

1
2
3 The Plaintiffs are in an interracial relationship and Steven M Rogers and his
4 family are black.  Steven M Rogers and his family consistently tell the courts and
5 police officers "all she dates are black men" Officers showed racial and sexist
6 bias.  Complaints were filed against above officers with the Office of Professional
7
8 Standards.   After not receiving any response about previous complaints and
9 continued issues and lack of professions with Cleveland Police, Kelly Slobodian
10
11 and Mark Thomas received an email from  Arthur Bowker OPS Investigator on
12 8/30/24 detailing unknown facts until receiving this email:
13
14
15  "On December 12, 2023, the Civilian Police Review Board (CPRB) heard a
16 complainant filed by Ms. Slobodian concerning a police encounter on October 21,
17
18 2021. The CPRB made rulings on those allegations, which were Lack of Service,
19 Unprofessional Behavior, Biased Policing, and Improper Procedure. You can
20
21 locate the YouTube recording of this presentation at
22 https://www.youtube.com/live/YE79toIGmFw?app=desktop&feature=shared&t=3
23
24 037. The presentation commences @3:49:44.   I have attached public
25 documents that are posted on the Internet and screen shots to assist you in
26
27 locating this presentation on the YouTube site."
28 Officer Irby was never brought before the Civilian Police Review Board related to
" no longer working as a Cleveland Police Officer", but is now a Hilliard, Ohio
Police Officer.


**Claim 2: Equal Protection Violation of under Section 1983**

1:24-CV-01792

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*State v. Spignola* (1999), 136 Ohio App. 3d 136 -- The right to use public or governmental property for speech expression depends on whether the property has the status, through law or tradition, of a traditional public forum, a nontraditional public forum, or a nonpublic forum. The green at Ohio University does not qualify as a traditional public forum. The six sites on the green for which permits may be obtained to communicate with the public are nontraditional public forums, but the balance of the green, including a monument where people gather, remains a nonpublic forum. Criminal trespass conviction of preacher who refused to leave the monument area affirmed. Arresting him but not hecklers held not to be viewpoint discrimination.

## **Jurisdiction and Venue**

.1 This Court possesses subject matter jurisdiction over this case, which addresses a significant federal question, as outlined in 28 U.S.C. § 1331, and also encompasses civil rights issues under 28 U.S.C. § 1343. Additionally, the Court holds supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367, allowing for a comprehensive examination of all relevant matters under its purview.

2. The Northern District of Ohio serves as the appropriate venue for this case, as specified in 28 U.S.C. § 1391(b). This district is where the Defendants currently live and where the events that sparked these allegations unfolded, making it a fitting location for these proceedings.

3. This Court has subject matter jurisdiction pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983 et seq; the Judicial Code, 28 U.S.C. §§ 1331 and 1343(a); and the Constitution of the United States.

**Parties**

4. The Plaintiff, Kelly Slobodian, is a 49-year-old woman, and her companion, Mark Thomas, is a 43-year-old man, both residing in the vibrant city of Cleveland, Ohio, WestPark neighborhood. They experienced significant civil rights violations as detailed within this Complaint, deeply impacting their lives.

5. The Defendants,  Cleveland Police Officers known as ******** (referred to as the Officer Defendants), were, at all times pertinent to these claims, officially appointed police officers serving the City of Cleveland. They acted within the boundaries of their professional duties and under the authority vested in them by law. These officers are being sued in their personal capacities, emphasizing the individual responsibility in the actions taken while on duty.

1:24-CV-01792

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

6. The City of Cleveland, a municipal corporation in Ohio, operates the Cleveland Division of Police, adhering to the laws established by the State of Ohio. In this case, the City is regarded as a "person" acting under the color of law in accordance with 42 U.S.C. § 1983. At all relevant times, the City employed and held authority over the Officer Defendants. Furthermore, the City bears responsibility for the policies, practices, and institutional customs that govern the Cleveland Division of Police, reflecting a larger accountability for its officers' conduct.

7.  The individuals known as  Cuyahoga County Prosecutors and ***** (the Prosecutor Defendants) were assistant prosecutors associated with the Cuyahoga County Prosecutor's Office throughout the relevant period. They functioned in their official roles for Cuyahoga County, investigating and prosecuting cases, always operating within the limits of their employment and authority under the law. Each Prosecutor Defendant is named in this lawsuit in their individual capacity, highlighting their role in the alleged misconduct.

9.  Cuyahoga County itself is recognized as a governmental entity within the State of Ohio, established and organized in accordance with state laws. In this case, the County is also referred to as a "person" acting under the color of law as stated in 42 U.S.C. § 1983. The County was the employer and principal authority over the Prosecutor Defendants at all pertinent times. Moreover, the County

1:24-CV-01792

holds the responsibility for the policies, practices, and customs that dictate the operations of both itself and its Prosecutor's Office, further emphasizing the collective accountability within the judicial system.Okay, here's an elaborated version of the provided passage, based on my understanding and aiming to expand on the core arguments presented.

**Expanded Argument**

The plaintiffs contend that the statute of limitations should not be applied in this case due to the gravity and ongoing nature of the events stemming from the October 11, 2025 shooting. They allege a systemic obstruction of justice, asserting that racial bias has  impeded a thorough investigation into the incident. This cover-up, the plaintiffs claim, is further compounded by the involvement of law enforcement personnel who are allegedly providing assistance to the individuals who shot Plaintiff Mark Thomas. This assistance is allegedly rooted in familial affiliations between these law enforcement officers and the perpetrators of what the plaintiffs characterize as a hate crime. There has been ongoing medical and surgical treatments that have stemmed from the 10/2/2022 assault and lack of service, policing bias, and unprofessional behavior has all led to Mark Thomas being shot by Steven M Rogers.

In light of these alleged circumstances, the defendants' motion to dismiss is viewed by the plaintiffs as a malicious and unsubstantiated attack on their legal standing. They emphasize that they acted respectfully throughout the process and engaged in what

1:24–CV-01792

1
2
3     they believed to be a good-faith attempt to communicate with Law Director,  Mark Griffin
4     regarding their concerns about the city's handling of the situation which can be seen in
5     emails sent on 1/9/24 by both Plaintiffs requesting his assistance. However, they now
6     interpret the responses from Griffin's office as demonstrating a pattern of retaliation and
7     malicious intent directed towards them. The plaintiffs maintain that they have diligently
8
9     contacted all relevant offices and authorities throughout this protracted ordeal in an
10    attempt to seek justice and redress their grievances.  City Prosecutor, Aqueelah Jordan
11
12    was called and emailed several times without response.  Multiple police reports were
13    filed with the City Prosecutor's Office with no response.
14
15    The underlying event that triggered this chain of events, according to the plaintiffs, was
16    a violent attack on October 2, 2022, at their home, perpetrated by six gang members,
17
18    during which one of the plaintiffs was shot. Furthermore, an active case has been
19    initiated to sue the civilians involved in the October 11, 2025 shooting incident. The
20
21    plaintiffs argue that the defendants' arguments, even within their motion to dismiss,
22
23    implicitly acknowledge the potential validity of the plaintiffs' claims. As such, the plaintiffs
24    believe the defendants could ultimately be held liable for a range of misconduct,
25
26    including intentional infliction of emotional distress and causing substantial financial
27    harm to the plaintiffs.
28

Federal law and Arguments

Ohio Federal Rule 12(e) motion is only useful in court if the first complaint is

so unclear that the defendant cannot easily respond or build a defense. Even

though the defendant used this rule, it's not a good defense. The rule is being

used to avoid responsibility and quickly end the case.

In the legal framework of the State of Ohio, Chapter 2744 of the Ohio

Revised Code introduces the Political Subdivision Tort Liability Act,

commonly referred to as "the Act." This pivotal piece of legislation serves as

the guiding light, dictating the precise circumstances under which a political

entity or an employee within that political subdivision can be held

accountable and deemed liable for injuries sustained by individuals.

The matter at hand, guided by the established framework of the Federal Rules

of Civil Procedure, specifically Rule 12.

With particular emphasis, the Plaintiffs draw the court's attention to Ohio

Federal Rule 12(h)(2). This crucial rule dictates that certain defenses

available to the defendants are carefully safeguarded, awaiting their

presentation during the full trial, where the actual merits of the case are

weighed and considered. These defenses are deliberately shielded from being

introduced belatedly, whether through a post-trial motion or during an appeal.

Further informing the proceedings, the Plaintiffs bring forth Ohio Civil Rule

16, setting the stage for a clear understanding of landscape within the state.

Under the governing Act, a strict time frame is imposed upon the injured party, compelling them to initiate legal action within two years of sustaining any injury. Highlighting the urgency and relevance to the present case, the Plaintiffs emphasize that the recent shooting of October 11, 2024, falls squarely within this period. Underscoring the gravity, the Plaintiffs reveal the existence of multiple ongoing police reports. The Plaintiffs further allege that Sergeant Varga, acting within the First District of Cleveland, Ohio, initially obstructed the plaintiff from submitting the aforementioned reports. The Plaintiffs also assert that the police's actions were tainted by racism and sexism, deliberately hindering the plaintiffs from filing crucial reports. This alleged obstruction is supported by the police report numbers presented in the argument, corroborated by the evidence captured in police body camera footage.

With unwavering conviction, the Plaintiffs contend that the city prosecutor's office, whose members can be identified, harbors individuals driven by racism, and consequently, they should be held fully accountable for their actions, without the shield of immunity. Therefore, the Plaintiffs earnestly implore the court to reject their claim of immunity and insist that they face

justice in a court of law, referencing the case of Jackson vs. City of

Cleveland.

Conclusion

It appears the defense is failing to grasp the profound depth and seriousness

of the corruption we've uncovered within our claims.

First, in the initial district, a disturbing pattern of sexism and racism has

emerged, creating a toxic and unjust environment for many.

Second, there's evidence indicating a deliberate and malicious prosecution of

the victim, suggesting a clear abuse of power and a blatant disregard for

justice.

Third, the defense council is contesting the financial aspect of the lawsuit,

arguing that the sum being sought surpasses the permissible limits for such a

claim. They're likely referring to the federal court's requirements for diversity

jurisdiction. In Ohio, to bring a case before a federal court, the 'amount in

controversy' - the damages being claimed - must exceed $75,000.


This is because federal courts need a certain level of significant financial

impact to justify their involvement in a case primarily based on disputes

between citizens of different states. This rule applies universally across Ohio, regardless of the specific location of the courthouse.

Okay, here's an elaboration of that passage, expanding on the concerns and legal justifications presented:

The plaintiffs, with sincere and demonstrable cause, are in genuine and well-founded fear for their personal safety and the preservation of their lives. This fear stems directly from the credible threat of retaliation, intimidation, and potential harm perpetrated by the defendants and those accused of acting in concert with them. The plaintiffs respectfully request that this Honorable Court deny any motion to dismiss the case, emphasizing the gravity of the situation and the very real danger they face. The plaintiffs maintain that they too have been mortally wounded – be it physically, emotionally, or economically – as a direct result of the defendants' actions. Therefore, the plaintiffs assert their fundamental and legally protected right to confront the defendant in a court of law, to present evidence of the harm they have suffered, and to seek justice and redress for the damages inflicted upon them.

This right to confront their accusers is a cornerstone of due process and is essential to ensuring a fair and equitable resolution to this matter. The plaintiffs believe that dismissing the case would not only deny them this crucial right but would also embolden the defendants and further endanger the plaintiffs' safety and well-being. Since the initial assault on October 2, 2022, the plaintiff had filed case #2024-00707JD in the Court of Claims, Cuyahoga Court of Common Pleas, and federal court, seeking justice. The lead detective trivialized the assault as "just an assault." The assault and events until October 11, 2024, caused lasting physical and mental harm, including PTSD, anxiety, and fear, impacting the plaintiffs' life expectancy and enjoyment of daily life. They have both required ongoing therapy.

1. REQUEST FOR RELIEF:

The Plaintiff asks the Court to rule in their favor and award the following: a. Compensatory damages (amount to be determined at trial); b. Punitive damages against individual defendants (amount to be determined); c. Costs and attorney's fees; d. Any other appropriate relief. E. Damages exceeding $5 million per plaintiff for Intentional emotional and financial distress . 2. Damages exceeding $2 million per plaintiff for negligence and failure to protect. 3. Damages exceeding $4 million per plaintiff for negligence and intentional misconduct.

1:24-CV-01792

1   Damages exceeding $42 million against Cleveland for failure to train/supervise
2
3   employees and for injuries in the city.
4
        violations of federal statutes and constitutional right
5
6        Intentional emotional and financial distress
7
8        Defamation
9
        violations of federal statutes and constitutional right
10
11        All other relief as the court de fair dated this 5th  day of March 2025
12
13
14   TRIAL BY JURY ON ALL CLAIMS FOR RELIEF HEREBY DEMANDED.
15
16
17
18
19
20   CERTIFICATE OF SERVICE The undersigned certifies the above document was filed electronically this 28th day
21
     of October, 2024. Notice of this filing will be sent to registered parties by operation of the Court's electronic filing
22
23   system, who may access the filing through the Court's filing system. Further, this document was sent by U.S. Mail to
24   the following:
25
26
27        (pro se)
28        4704 W 156 st
          Cleveland Ohio 44135

1:24-CV-01792