**FILED**

**2:19 pm Mar 28 2025**

**Clerk U.S. District Court**
**Northern District of Ohio**
**Cleveland**

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **KELLY SLOBODIAN, et al.,** | ) | **CASE NO. 1:24 CV 1792** |
| | ) | |
| **Plaintiffs,** | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| **vs.** | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| **CITY OF CLEVELAND, et al.,** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

*Pro se* plaintiffs Kelly Slobodian and Mark Thomas filed this civil rights action under 42 U.S.C. § 1983 against the City of Cleveland, "Cleveland Police Department (1-10 employees to be identified)," "City of Cleveland Prosecutor's Office (1-5 employees to be identified)," and Cuyahoga County. (Doc. Nos. 1, 12). Plaintiffs seek monetary relief.

On December 20, 2024, Defendants City of Cleveland, Cleveland Police Department, and City of Cleveland Prosecutor's Office filed a motion to dismiss pursuant to Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure (Doc. No. 10). Thereafter, Plaintiffs filed a motion for leave to amend, clarify, or otherwise respond to Defendants' motion (Doc. No. 11), which the Court granted. On March 5, 2025, Plaintiffs filed a document titled "Amended Complaint" (Doc. No. 12). In response to Plaintiffs' new filing, the defendants filed a motion for

a more definite statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure (Doc.

No. 13).

Plaintiffs' document filed in March is titled "Amended Complaint," but the formatting of

the complaint appears to suggest that Plaintiffs intended the allegations to be a clarification or

supplement to the allegations in the original complaint, and not a replacement of the original

complaint. The new document purports to add Cuyahoga County as a new party defendant[1], and

it outlines alleged federal causes of action, while it also includes arguments in response to

Defendants' motion to dismiss. Additionally, the new document does not include a Statement of

the Case that is included in the original complaint. Therefore, given the content of the new

document, and the less stringent standard for *pro se* pleadings, the Court construes this

document as a response to Defendants' motion to dismiss and a supplement to Plaintiffs'

original complaint, which the Court will consider in addition to Plaintiffs' original complaint.

The Court denies Defendants' motion for a more definite statement (Doc. No. 13), and

for the following reasons, grants their motion to dismiss under Rule 12(b)(6). Additionally, the

Court dismisses any claims against Cuyahoga County pursuant to *Apple v. Glenn*, 183 F.3d 477,

479 (6th Cir. 1999) (per curiam).

### I. Background

Plaintiffs' complaint is a tangled narrative of events concerning Plaintiffs' alleged

problems with their neighbor, Steven M. Rogers, in Cleveland, Ohio. According to the

---

[1] The Court notes there is no suggestion on the docket that Cuyahoga County has been served with a summons and a copy of the complaint in accordance with Rule 4 of the Federal Rules of Civil Procedure.

complaint, Plaintiffs have been harassed, threatened, stalked, and assaulted by Mr. Rogers.

Plaintiffs state that since Plaintiff Thomas moved in with Plaintiff Slobodian at the Cleveland

property, the problems with Mr. Rogers have escalated. Alleged incidents involving Mr. Rogers

include: property line disputes; finding dead dog skull at fence line between properties;

threatening Plaintiff Slobodian for cutting bushes that are encroaching Slobodian's property;

filing false police reports; placing cameras facing Plaintiffs' property; threatening Plaintiffs with

a gun; exhibiting racial hostility toward Plaintiffs, an interracial couple; and assault. (*See* Doc.

No. 1 at PageID ##1-5). According to Plaintiffs, Mr. Rogers shot Plaintiff Thomas on October

11, 2024, and "there was no prosecution of Mr. Rogers." (Doc. No. 12 at PageID #51). Plaintiffs

state that they have filed many police reports concerning Mr. Rogers's alleged behavior, but he

has not been arrested. (*Id.*). Additionally, Plaintiffs have reportedly obtained a civil protection

order, which they claim has not been enforced.

　　As best the Court can discern, Plaintiffs appear to allege that the City of Cleveland, the

Cleveland Police Department, Cuyahoga County, through its unnamed prosecutors, and the City

of Cleveland prosecutors, including Chief Prosecutor Aqueelah Jordan, have violated their equal

protection rights by not arresting Mr. Rogers, despite evidence of criminal behavior, numerous

complaints and police reports filed, and Plaintiffs' procurement of a civil protection order

against Mr. Rogers. It appears that Plaintiffs also allege that the City of Cleveland failed to

properly train its employees on emergency responses and enforcing protection orders. (Doc. No.

1 at PageID # 8).  And in a generic and conclusory fashion, Plaintiffs claim that the City's

prosecutor's office "whose members can be identified" (but are not), "harbors individuals driven

by racism." (Doc. No. 12 at PageID # 61). Plaintiffs also allege that the City of Cleveland

-3-

prevented them from voicing their concerns over Mr. Rogers during a community meeting, which is a violation of their First Amendment rights.

Additionally, although they are not specifically identified as defendants in the action, the complaint includes allegations against Cleveland Police Officers Bowser and Irby, and Cleveland Police Sergeant Varga. Plaintiffs claim that Officer Bowser rolled his eyes at Plaintiff Slobodian, dismissed her accounts, laughed at her, and ignored her. (*Id.* at PageID # 53). Plaintiffs claim that Officer Irby "maliciously, with racism and sexism," ticketed Plaintiff Slobodian for disorderly conduct, for which she was later found not guilty. (*Id.*). Plaintiffs also claim that Sergeant Varga "obstructed" Plaintiffs from filing police reports. (*Id.* at PageID # 61). And without identifying any individuals, Plaintiffs claim that "the police's actions were tainted with racism and sexism." (*Id.*).

And once again, although they are not identified as defendants in the action, the complaint includes allegations against "Judges Jennifer O'Donnell, Cassidy, and Deidra Turner." Plaintiffs claim that the judges "appeared to support the harassment" of Plaintiffs by dismissing their "pleas"; their instructions "influenced the defendants' actions; and they prolonged the proceedings for two years in an attempt to deter Plaintiffs from pursing civil recourse. (Doc. No. 1 at PageID # 8). Plaintiffs also claim that Judge O'Donnell dismissed charges against Plaintiffs' attackers and expunged the record of one of their attackers. (*Id.* at PageID # 6).

Finally, Plaintiffs allege that the Cleveland Police Department's conduct constitutes negligence. They claim that the City has negligently failed to ensure their safety, and as a result, they have suffered harm. Specifically, Plaintiffs allege that the police department "facilitated and

orchestrated" a hostile environment, maintained relationships "with local hooligans," and allowed "racial rumors" about Plaintiffs to propagate. (Doc. No. 1 at PageID #7).

## II. Standard of Review

Under Federal Rule of Civil Procedure 12(b)(6), a party may move for the dismissal of claims when the claimant has failed to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When deciding a motion to dismiss under this rule, the function of the Court is to test the legal sufficiency of the complaint. *See Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993).

In reviewing the complaint, the Court must construe the pleading in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). Legal conclusions and unwarranted factual inferences, however, are not entitled to a presumption of truth. *Twombly*, 550 U.S. at 555; *see also Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986) (The Court is "not bound to accept as true a legal conclusion couched as a factual allegation.").

Additionally, courts must read Rule 12(b)(6) in conjunction with Federal Civil Procedure Rule 8(a)(2)'s requirement that a plaintiff need offer "only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (citing *Twombly*, 550 U.S. at 596). Although specific facts are not required, to meet the basic minimum notice pleading requirements of Rule 8, Plaintiff's

complaint must give the defendants fair notice of what the plaintiff's legal claims are and the factual grounds upon which they rest. *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008). The plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Factual allegations "must be enough to raise a right to relief above the speculative level." *Id.*

Furthermore, it is well-established that the federal courts "are under an independent obligation to examine their own jurisdiction" in cases before them. *Kusens v. Pascal Co., Inc.*, 448 F.3d 349, 359 (6th Cir. 2006). Concerning a plaintiff's claims against the defendants who have not filed a dispositive motion, the Court is permitted to conduct a limited screening and to dismiss, *sua sponte*, a fee-paid complaint under Federal Rule of Civil Procedure 12(b)(1) "for lack of subject matter jurisdiction" when its allegations are so "implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion" as to deprive the court of jurisdiction. *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (per curiam) (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37, 94 S. Ct. 1372, 39 L. Ed. 2d 577 (1974) (citing numerous Supreme Court cases for the proposition that patently frivolous, attenuated, or unsubstantial claims divest the district court of jurisdiction)). The requirement "that a plaintiff be given the opportunity to amend does not apply to *sua sponte* dismissals for lack of jurisdiction pursuant *to Hagans*." *Id.* (citing *Tingler v. Marshall*, 716 F.2d 1109, 1111 (6th Cir. 1983)).

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). And the Court holds a *pro se* complaint to a less stringent

standard than one drafted by an attorney. *Spotts v. United States*, 429 F.3d 248, 250 (6th Cir.

2005) (citing *Haines*, 404 U.S. at 520). The Court is not required, however, to conjure

unpleaded facts or construct claims on a *pro se* plaintiff's behalf. *See Grinter v. Knight*, 532

F.3d 567, 577 (6th Cir. 2008) (citation omitted); *Beaudett v. City of Hampton*, 775 F.2d 1274,

1277-78 (4th Cir. 1985).

### III. Discussion

Plaintiffs bring their civil rights claims under 42 U.S.C. § 1983. Plaintiffs appear to

allege that the defendants violated their constitutional rights under the First Amendment when

Plaintiffs were allegedly prevented from voicing their concerns about their neighbor at a

community meeting. Plaintiffs also allege violations of their equal protection rights, presumably

under the Fourteenth Amendment.

To establish a violation under Section 1983, a plaintiff must show that a person acting

under color of state law deprived him or her of rights, privileges, or immunities secured by the

Constitution or laws of the United States. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 101

L. Ed. 2d 40 (1988). And civil rights claims "'must be pled with some degree of specificity and

... vague and conclusory allegations unsupported by material facts will not be sufficient to state

such a claim under § 1983.'" *Briscoe v. Jackson*, 285 F. App'x 205, 208 (6th Cir. 2008)

(quoting *Fieger v. Cox*, 524 F.3d 770, 776 (6th Cir. 2008) (further citation omitted)).

As an initial matter, Plaintiffs fail to state a claim against the Cleveland Police

Department. Absent express statutory authority, police departments are not *sui juris*, meaning

they are not an entity under Ohio law that can sue or be sued. *See Carmichael v. City of*

*Cleveland*, 571 F. App'x 426, 435 (6th Cir. 2014); (finding that "under Ohio law, a county

-7-

sheriff's office is not a legal entity that is capable of being sued") (citations omitted); *Taylor v. Ross*, No. 1:21-cv-600, 2021 U.S. Dist. LEXIS 166470, 2021 WL 3930366, at *2 (N.D. Ohio Sep. 2, 2021) (finding Akron Police Department not *sui juris*). Therefore, Plaintiffs' purported claims against the Cleveland Police Department fail as a matter of law.

Additionally, any claims asserted against the City of Cleveland and Cuyahoga County also fail. Section 1983 does not permit a plaintiff to sue a local government entity on the theory of *respondeat superior*. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 692-94, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). A plaintiff may only hold a local government entity liable under Section 1983 for the entity's own wrongdoing. *Id.* A local government entity violates Section 1983 when its official policy or custom actually serves to deprive an individual of his or her constitutional rights. *Id.* at 694. To state a claim for relief against a municipality under Section 1983, Plaintiff must: "(1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that [his or] her particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 363 (6th Cir.1993)).

Here, Plaintiffs only state in a conclusory fashion that Cuyahoga County "holds the responsibility for the policies, practices, and customs that dictate the operations of its prosecutor's office." (Doc. No. 12 at PageID # 58). Plaintiffs do not specifically identify any policy or custom, either of Cuyahoga County or of the City of Cleveland, that caused a purported violation of their constitutional rights.  Plaintiffs also allege in an equally conclusory manner that the City of Cleveland failed to properly train its employees on emergency responses and enforcing protection orders. (*See* Doc. No. 1 at PageID # 8). But they fail to identify the

-8-

inadequacies of an existing training program. *See Ciminillo v. Streicher*, 434 F.3d 461, 469 (6th Cir. 2006) (finding that to demonstrate a failure-to-train claim, a plaintiff must establish that the city's training program was inadequate for the tasks that officers must perform). Plaintiffs therefore fail to state a claim against the City of Cleveland or Cuyahoga County.

To the extent Plaintiffs allege claims against Officers Bowser and Irby and Sergeant Varga, Plaintiffs fail to state a plausible civil rights claim. Plaintiffs' claims that the officers acted "with racism and sexism" in dismissing her complaints are vague and conclusory and do not support a claim that Plaintiffs' constitutional rights were violated. *See Fieger*, 524 F.3d at 776 (conclusory allegations unsupported by material facts will not be sufficient to state a claim under Section 1983); *Brown v. Budish*, No. 1: 19 CV 1184, 2019 WL 3290335, 2019 U.S. Dist. LEXIS 121652, *4 (N.D. Ohio July 22, 2019) (conclusory allegations are insufficient to state a civil rights claim under 42 U.S.C. § 1983); *see also Iqbal*, 556 U.S. at 678.

To the extent Plaintiffs allege claims against Judges O'Donnell, Cassidy, and Turner, and any city or county prosecutor, including Cleveland's Chief Prosecutor, Aqueelah Jordan, these individuals are immune from suit.

It is well established that judges are generally entitled to absolute immunity from civil suits for money damages. *Mireles v. Waco*, 502 U.S. 9, 9, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). They are accorded this broad protection to ensure that the independent and impartial exercise of their judgment in a case is not impaired by the exposure to damages by dissatisfied litigants. *Barnes*, 105 F.3d at 1115. For this reason, absolute immunity is overcome only when (1) the conduct alleged is performed at a time when the defendant is not acting as a judge; or (2) the conduct alleged, although judicial in

nature, is taken in complete absence of all subject matter jurisdiction of the court over which he

or she presides. *Mireles*, 502 U.S. at 11-12; *Barnes*, 105 F.3d at 1116. A judge will not be

deprived of immunity even if the action at issue was performed in error, done maliciously, or

was in excess of his or her authority. *Stump v. Sparkman*, 435 U.S. 349, 356, 98 S. Ct. 1099, 55

L. Ed. 2d 331 (1978); *Sevier v. Turner*, 742 F.2d 262, 271 (6th Cir. 1984) (merely acting in

excess of authority does not preclude immunity).

Here, Plaintiffs give no indication that Judges O'Donnell, Cassidy, and Turner were

acting in any capacity other than that of a judge when the conduct alleged in the complaint

occurred. Further, Plaintiffs appear to object to decisions that the judges made in connection

with criminal proceedings in which Plaintiffs were the alleged victims, and they allege that the

judges "appeared to support the harassment" by Mr. Rogers that they were enduring and they

"purposely prolonged proceedings for two years to deter plaintiffs from pursuing civil recourse."

(*See* Doc. No. 1 at PageID # 8). Decisions concerning pending civil and criminal matters,

including evidence, indictments, and pretrial proceedings, are actions typically performed by

judges. Plaintiffs have therefore not established that Judges O'Donnell, Cassidy, and Turner

acted clearly outside of the subject matter jurisdiction of the court over which the judges preside.

The judges are therefore absolutely immune from damages in this action.

Prosecutors also enjoy immunity in this action. Prosecutors are absolutely immune from

liability under Section 1983 for their conduct in "'initiating a prosecution and in presenting the

State's case.'" *Burns v. Reed*, 500 U.S. 478, 486, 111 S. Ct. 1934, 114 L. Ed. 2d 547 (1991)

(quoting *Imbler v. Pachtman*, 424 U.S. 409, 431, 96 S. Ct. 984, 47 L. Ed. 2d 128 (1976)). So

long as the prosecutor was engaged in prosecutorial functions, he or she is absolutely immune

-10-

regardless of whether he or she undertook actions maliciously, in bad faith, or with an improper

motive. *See Imbler*, 424 U.S. at 427 & n.27, 431 & n.34 (prosecutor immune after knowingly

presenting perjured testimony and suppressing exculpatory evidence at trial); *Joseph v.*

*Patterson*, 795 F.2d 549, 555 (6th Cir. 1986) (prosecutor immune after "knowingly obtaining

issuance of criminal complaints and arrest warrants . . . based on false, coerced statements");

*Grant v. Hollenbach*, 870 F.2d 1135, 1139 (6th Cir. 1989) (prosecutor immune for deciding to

investigate and conspiring to present false charges to the grand jury, allegedly to satisfy a

campaign promise to be tough on child abuse). Prosecutorial functions include participation in

probable cause hearings, grand jury hearings, pretrial proceedings, witness preparation, and

trials.  *Koubriti v. Convertino*, 593 F.3d 459, 467 (6th Cir. 2010).

Here, Plaintiffs appear to be dissatisfied with the prosecutors' alleged inaction

concerning their complaints about Mr. Rogers's behavior. Plaintiffs state that Prosecutor Jordan

had been informed of Mr. Rogers's criminal conduct and harassing behavior, yet no charges

were filed against him. A prosecutor's decision regarding pretrial proceedings, investigations,

and whether to initiate a prosecution are typical prosecutorial functions for which a prosecutor is

immune from suit, even if the decisions were made maliciously, in bad faith, or with an

improper motive. All purported individual prosecutor defendants in this action are therefore

absolutely immune from damages.

Finally, to the extent Plaintiffs allege any state law claims, the Court declines to exercise

supplemental jurisdiction. District courts have discretion to refuse to exercise supplemental

jurisdiction over state law claims if "the district court has dismissed all claims over which it has

original jurisdiction." 28 U.S.C. § 1367(c)(3). "When all federal claims are dismissed before

-11-

trial, the balance of considerations usually will point to dismissing the state law claims, or remanding them to state court if the action was removed." *Musson Theatrical, Inc. v. Fed. Exp. Corp.*, 89 F.3d 1244, 1254-55 (6th Cir. 1996). The Court finds that the balance of considerations weighs against the exercise of supplemental jurisdiction over Plaintiffs' purported state law claims, which are better resolved by the Ohio courts.

## IV. Conclusion

Accordingly, the Court denies Defendants' motion under Fed. R. Civ. P. 12(e) and grants their motion under Fed. R. Civ. P. 12(b)(6).  And the Court dismisses any claims against Cuyahoga County pursuant to the Court's authority established in *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). This action is hereby dismissed.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

_3/28/2025_
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**

-12-